# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

QUENTIN BIGBY, )
        Plaintiff, )
)
v. )
)    CV418-241
OLATUNJI AWE, M.D., )
)
        Defendant. )

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Quentin Bigby brings this 42 U.S.C. § 1983 action against his treating physician at Coastal State Prison (CSP). The Court granted plaintiff's request to pursue his case *in forma pauperis* (IFP), doc. 6, and he returned the necessary forms. Docs. 7 & 8. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim against a governmental entity or official.

Bigby suffered a gunshot wound to his "left flank" in 2009, and due to his significant injuries to his spleen, back, and spinal cord, is wheelchair-bound and suffers from nerve damage. Doc. 1 at 6. While

housed at Jackson State Prison in February 2018, he was referred to a pain specialist for consultation. *Id*. Prior to being seen by the pain specialist, however, he was transferred to CSP. *Id*. While at CSP, Dr. Awe sent Bigby on a "medical call-out to (A.S.M.P.),"[1] but staff there did not address plaintiff's pain complaints. *Id*. Indeed, despite plaintiff's repeated requests and filing of half a dozen grievances requesting referral, Dr. Awe has declined to refer Bigby to a pain specialist. *Id*. Bigby seeks an "emergency preliminary injunction" ordering access to a pain specialist and "not less than" $50,000 in damages.

As a threshold matter, Bigby admits that he has not yet fully exhausted his administrative remedies. Doc. 1 at 3-5. Failure to exhaust administrative remedies is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Normal pleading rules still apply to prisoner conditions-of-confinements suits, however. *Id*. at 214-15. When a prisoner's failure to exhaust is apparent on the face of the complaint, making it clear that the prisoner cannot state a claim for relief, dismissal is warranted under 28 U.S.C. § 1915A. *Id*. at 214-15.

---

[1] "A.S.M.P." may be an acronym for Augusta State Medical Prison.

Bigby filed a grievance on June 11, 2018, but had not received any response by October 15, 2018 (when he filed the Complaint). Doc. 1 at 3. In other words, he had not received a denial or other final resolution to his grievance, much less appealed that denial to the highest level possible according to the prison's administrative procedures. *Id.* at 3-5. Because Bigby has not exhausted his admittedly available administrative remedies prior to filing suit, his claims must be dismissed without prejudice. *See, e.g., Gill v. Deal*, 2018 WL 3650269 at *3 (S.D. Ga. Aug. 1, 2018); *Sewell v. Ramsey*, 2007 WL 201269 at *2 (S.D. Ga. Jan. 24, 2007).[2]

Though a *pro se* prisoner normally should be given an opportunity to amend his complaint at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010), "a district court need not allow amendment if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Plaintiff's medical care

---

[2] The case cannot be stayed either, pending exhaustion, because the Prisoner Litigation Reform Act requires an inmate to exhaust his administrative remedies before filing his complaint in federal court. *See Brown v. Sikes*, 212 F.3d 1205, 1207-08 (11th Cir. 2000); ("when a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit"); *see also Harris v. Garner*, 190 F.3d 1279, 1285-86 (11th Cir. 1999).

3

claims are unexhausted and thus dead on arrival, and do not appear amendable.³

Bigby also asks the Court to appoint counsel to assist him with the case. Doc. 4. In this civil case, however, plaintiff has no constitutional right to the appointment of counsel. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Wright*, 562 F. App'x at 777 (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

---

³ Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). A review of the record and pleadings in this case reveals no such "exceptional circumstances" warranting the appointment of counsel.

Though plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." *See, e.g.*, *Hampton v. Peeples*, 2015 WL 4112435 at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." *Id.* (citing *Smith v. Warden*, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); *Wright*, 562 F. App'x at 777; *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 702 (11th Cir. 2013); *McDaniels,* 405 F. App'x at 457; *Sims v. Nguyen*, 403 F. App'x 410, 414 (11th Cir. 2010); *Fowler*, 899 F.2d at

1091, 1096; *Wahl*, 773 F.2d at 1174). This case is not so complex, legally or factually, as to prevent plaintiff from presenting "the essential merits of his position" to the Court. His request for appointment of counsel is **DENIED**.

Accordingly, Quentin Bigby's Complaint should be **DISMISSED without prejudice** and his request for counsel is **DENIED**. Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $0 in average monthly deposits over the six month period prior to the date of his Prison Account Statement. Doc. 7. He therefore owes no initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[4]

---

[4] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this  11th  day of January, 2019.

*[signature: Christopher L. Ray]*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA