# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| QUENTIN BIGBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CV418-241 |
| OLATUNJI AWE, M.D., CYNTHIA RIVERS, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Quentin Bigby, proceeding *pro se* and *in forma pauperis*, has objected to the Court's determination that his 42 U.S.C. § 1983 Complaint was subject to dismissal because he failed to exhaust available administrative remedies. *See* doc. 9 (Report and Recommendation), doc. 10 (Objection). Given that Bigby has adequately alleged that he has exhausted all available grievance procedures,[1] the Court **VACATES** its

---

[1] The Supreme Court has explained that the Prison Litigation Reform Act's (PLRA) exhaustion requirement, although mandatory, does not require a prisoner to pursue an administrative remedy which, "although officially on the books, is not capable of use to obtain relief." *Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1859 (2016). Bigby contends that he has attempted, repeatedly, to grieve the issue and escalate his grievances by writing to various prison officials but has been stymied and ignored at every turn. Doc. 10 at 8-10. Taking his allegation at face value, as the Court must at this stage, he has alleged that the grievance procedure is not "available." As discussed

recommendation that his Complaint be dismissed. Doc. 9. The Court, therefore, proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any complaint that fails to state at least one actionable claim against a governmental entity or official.[2]

Bigby suffered a gunshot wound to his "left flank" in 2009, and due to significant injuries to his spleen, back, and spinal cord, is wheelchair-bound and suffers from nerve damage. Doc. 10 at 3-4. While housed at Jackson State Prison in February 2018, he was referred to a pain specialist for consultation. Doc. 1 at 8. Prior to being seen by the pain specialist, however, he was transferred to CSP. *Id*. While at CSP, he has been treated (albeit, in his opinion, deficiently) by Dr. Awe. Because Dr. Awe has "no expertise in neurology," Bigby believes he is incompetent to treat his nerve pain. Doc. 10 at 5. Indeed, he "must" send Bigby to a specialist, and Dr. Awe's delay in sending him to a specialist "has caused [plaintiff]

---

below, that allegation is sufficient to require a response. It does not, however, preclude defendants from asserting any colorable exhaustion-based defense.

[2] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

to suffer 24/7 excruciating tearing, sharp, throbbing, aching and very tender muscles spasms . . . with a pain level . . . at around (9) [out of 10] everyday because of the nerve damage[.]" *Id*. at 6. Rather than offering treatment or referral to a pain specialist, Dr. Awe allegedly tells Bigby to "file your grievances like everybody else," and "your lawsuits," because "he don't care about grievances or lawsuits." *Id*. Bigby seeks an "emergency preliminary injunction" ordering access to a pain specialist and "not less than" $50,000 in damages. Doc. 1 at 8.

An inmate's right to be free from cruel and unusual punishment is only violated by inadequate care where a plaintiff both had an objectively serious medical need and some prison official or officials were deliberately indifferent to that need. *Harper v. Lawrence County, Ala.*, 592 F.3d 1227, 1234 (11th Cir. 2010); *see generally Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (although prison conditions may be restrictive and harsh, prison officials must provide, *inter alia*, necessary medical care). Deliberate indifference, in turn, requires that a defendant "(1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) acted with more than gross negligence." *Harper*, 592

3

F.3d at 1234 (*citing Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008)).

A prisoner's mere disagreement with the type of medical care he receives, however, is insufficient to support an Eighth Amendment violation. *See, e.g., Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although [plaintiff/inmate] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."); *see also Estelle v. Gamble*, 429 U.S. 97, 107 (1976) "[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."). Even crediting such allegations as true, months of (mis)diagnoses and delayed referral to a pain specialist appear to be mere malpractice. *See, e.g., Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing *Estelle*, 429 U.S. at 106) ("Mere incidents of [medical] negligence or malpractice do not rise to the level of constitutional violations.").

But Bigby alleges *more* than mere malpractice. He alleges that Dr. Awe refuses to treat him[3] because he has no fear of the consequences. Indeed, he (allegedly) challenges his prisoner patients — who have no other recourse — to file grievances and lawsuits and force him to treat them. Doc. 10 at 6. Such callous commentary certainly hints at a deliberate indifference to a serious medical need. Particularly where, as alleged here, he is confident that any grievance will be firmly and definitively lodged in File 13, never to be reviewed. *Id.* at 8-9. Bigby, it must be remembered, alleges that Ms. Rivers refuses to "call him out" on grievances or even allow him to file them, *id.* at 8, rendering the grievance procedure a sham. *Id.* at 8.

Our precedent requires "not merely the knowledge of a condition, but the knowledge of necessary treatment coupled with a refusal to treat properly or a delay in such treatment." *Adams v. Poag*, 61 F.3d 1537, 1546

---

[3] Plaintiff is correct that deliberate indifference may be established by a showing of grossly inadequate care as well as by a decision to take an easier but less efficacious course of treatment. Doc. 10 at 6; *see Steele v. Shah*, 87 F.3d 1266, 1269-70 (11th Cir. 1996); *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989). "When the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (quoting *Mandel v. Doe*, 888 F.2d 783, 789 (11th Cir. 1989)).

5

(11th Cir. 1995). Bigby certainly alleges that. Both Dr. Awe and Ms. Rivers must respond to his claims that his rights have been violated.

In sum, plaintiff's Complaint survives frivolity review. The Clerk is **DIRECTED** to forward a copy of this Order, along with Bigby's Complaint, to the Marshal for service upon the defendants.

**SO ORDERED**, this  18th  day of March, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA