# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| QUENTIN BIGBY, | ) |
| Plaintiff, | ) |
| v. | ) CV418-241 |
| OLATUNJI AWE, M.D., CYNTHIA RIVERS, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Quentin Bigby, proceeding *pro se* and *in forma pauperis*, has filed this 42 U.S.C. § 1983 case alleging that he has not been provided with adequate medical care during his incarceration at Coastal State Prison. *See* doc. 11 at 2-3. In addition to monetary relief, he seeks an "emergency preliminary injunction." *Id.* at 3. The Court screened his Complaint pursuant to 28 U.S.C. § 1915A, and approved service on two defendants. *Id.* at 6. The defendants waived personal service, docs. 16 & 18, and jointly answered the Complaint, doc. 22. Responding specifically to plaintiff's request for a preliminary injunction, defendants assert that "[t]he

requested injunctive relief is not authorized under 18 U.S.C. § 3626, the Prison Litigation Reform Act." Doc. 22 at 2.

The statute defendants cite, authorizes preliminary injunctive relief in the prison context, "to the extent otherwise authorized by law," but requires that it be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Generally, "a preliminary injunction is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the [temporary restraining order (TRO)] or preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a TRO or preliminary injunction would cause to the non-movant; and (d) the TRO or preliminary injunction would not be averse to the public interest." *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (citing *Zardui-Quintana v. Richard*, 768 F. 2d 1213, 1216 (11th Cir. 1985)). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites." *Zardui-Quintana*, 768 F.2d at 1216 (quotes and

cites omitted); *see also University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.").

Plaintiff does not identify an irreparable harm he will suffer without such relief and, as such, is not entitled to a preliminary injunction. To be clear, the Court does not suggest that plaintiff will not suffer harm. However, entitlement to a preliminary injunction requires more than identification of an injury. It requires an injury that is not compensable by any remedy at law, including monetary relief. *See Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983) "An injury is 'irreparable' only if it cannot be undone through monetary remedies." (cite omitted)).

Neither plaintiff's Complaint, doc. 1, nor his motion for a preliminary injunction, doc. 3, identify any "irreparable" harm. His Complaint states that nerve damage from a pre-incarceration gunshot wound causes "serious nerve damage pain" during the ordinary activities of life. Doc. 1 at 6. His motion for a preliminary injunction identifies his injury as "the unnecessary, wanton infliction of pain, and extreme emotional and mental distress and anguish." Doc. 3 at 2. It also explains that he "is unable to sleep, move around, shower and use[ ] the toilet

3

without being in serious pain, and only [able] to sleep a few hours before being awaken[ed] by the pain." *Id.* at 4. To be sure, as plaintiff states, he has alleged "serious" harm. *Id.* at 5. "Serious," however, is not the same as "irreparable."[1]

Although there is some disagreement among the Courts of Appeals outside of this Circuit,[2] this Court has held that claims of ongoing pain,

---

[1] The case that plaintiff cites in his discussion of the "irreparable injury requirement" for a preliminary injunction does not apply to the alleged facts of this case. He cites *Cunningham v. Adams*, 808 F.2d 815 (11th Cir. 1987). Doc. 3 at 5-6. The alleged injury in *Cunningham* was the loss of a government contract, and its anticipated profits. *Cunningham*, 808 F.2d at 822. The completely different factual context of *Cunningham* makes its value here limited, to say the least.

[2] *Compare Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 682 (7th Cir. 2012) (Easterbrook, J.) ("To the extent the [district] judge may have believed that pain *never* constitutes irreparable injury, however, he was mistaken." (emphasis in original)); *with Tuttamore v. Lappin*, 429 F. App'x 687, 692 (10th Cir. 2011) (allegations of pain, in the context of showing that denial of further treatment was based on physician's professional judgment, were not sufficient, given "heightened burden," to establish irreparable injury justifying preliminary relief). Even *Wheeler*, however, only recognized the sufficiency of pain allegations hypothetically. *See Wheeler*, 689 F.3d at 682-83 (remanding prisoner's injunction request predicated on an allegation of irreparable injury from ongoing pain to allow response and consideration of the merits). Other district courts in this Circuit have been unanimous in their rejection of prisoner's requests for injunctive relief mandating treatment for pain. *See Shaw v. Hood*, 2014 WL 5148493, at * 4 (W.D. Ala. Oct. 14, 2014) ("Certainly, plaintiff has alleged that the status of the flourishing cataracts in his right eye and the condition of his prostate are causing him pain. But he has not alleged that he will suffer irreparable harm from the absence of treatment for or evaluation of his eyes and prostate if he is not afforded immediate relief."); *Keller v. Pichardo*, 2009 WL 1324207, at * 1-2 (S.D. Fla. May 11, 2009) (finding that allegations that prisoner "has not received proper medical care for back injuries suffered in a pre-incarceration automobile accident," . . . "does not state a *prima facie* case for preliminary injunctive relief," because, among other reasons, he "has not adequately shown any indication of *immediate*, *irreparable* harm." (emphasis in original)). Plaintiff has cited no authority suggesting that the

4

without more, do not constitute sufficient allegation of irreparable injury to obtain a preliminary injunction. *See Paz v. Stone*, 2014 WL 4776136 at * 2 (S.D. Ga. Sept. 15, 2014) ("Here, Plaintiff asserts he is in pain but does not allege he will suffer irreparable injury if the injunction is not granted."); *Espinoza v. Stone*, 2014 WL 69510 at * 2 (S.D. Ga. Jan. 8, 2014) ("Here, Plaintiff claims only that he should receive stronger pain medication and that 'more harm will be done to [him]' if the injunction is not granted ([cit.]).  However, he does not identify any irreparable injury . . . that he is likely to sustain if the injunction is not granted." (citations omitted)).

Given that a preliminary injunction is a drastic remedy, plaintiff's heightened burden, and the ambiguous allegation of irreparable injury, plaintiff's motion for a preliminary injunction should be **DENIED**.  Doc. 3. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all

---

pain he alleges constitutes an "irreparable injury," which might weigh against the persuasive authority cited above.

parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this <u>5th</u> day of August, 2019.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA