UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| QUENTIN BIGBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV418-241 |
| | ) |
| DR. OLATUNJI AWE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

*Pro se* prisoner Quentin Bigby filed this 42 U.S.C. § 1983 case in 2018. *See* doc. 1. Summary judgment was granted for defendants. *See* doc. 41, *adopted* doc. 42. The District Judge granted a Motion for Reconsideration and afforded Bigby additional time to file objections concerning the disposition of this case. Doc. 48. When Bigby failed to file any objections, the District Judge reaffirmed the disposition. Doc. 49. Despite this case being definitively closed for over one year, Bigby now moves for a "preliminary injunction." Doc. 51.

Bigby's Motion seeks injunctive relief against "the prison Medical Administrator, who is responsible for arranging specialized medical care . . . , and the Deputy Warden for Administration, who is responsible for

getting prisoners to their outside medical appointments." Doc. 51 at 2. He then explains, although somewhat vaguely, that he seeks an injunction "to ensure that he receives proper medical care." *Id.* at 1. The Motion indicates that Bigby is currently incarcerated at Augusta State Medical Prison. *See id.* at 7. However, this case, prior to summary judgment, concerned Bigby's medical care at Coastal State Prison. *See, e.g.,* doc. 41 at 1-6.

Notwithstanding the obvious impropriety of seeking "preliminary relief" in a case that has been closed for over a year, the fact that it seeks relief against parties who were never defendants in this case is a fatal defect. Both the Supreme Court and the Eleventh Circuit have recognized that it is, generally, error for a district court to enter an injunction against a nonparty. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969); *Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995). As other courts have succinctly stated, courts "lack[ ] jurisdiction to issue an injunction against a non-party." *Dipietro v. Lockhart*, 2022 WL 17588299, at *1 (M.D. Ga. July 5, 2022); *see also Hunter v. Harris*, 2017 WL 11428590, at *1 (N.D. Ga. May 2, 2017). Since none of the parties

2

Bigby seeks to enjoin are parties to this case, his Motion for Preliminary Injunction should be **DENIED**. Doc. 51.

Given the obvious legal defects in the instant filing, the Court must also note that it was prepared, not by Bigby himself, but by Harold D. Hall, another inmate. *See, e.g.,* doc. 51 at 8. Bigby is also not the only *pro se* inmate at Augusta State Medical Prison to whom Hall is providing legal assistance of dubious quality. *See Wells v. Black*, CV623-011, doc. 25 at 4-6 (S.D. Ga. Feb. 6, 2024), *adopted* doc. 34 (S.D. Ga. Mar. 15, 2024); *see also*, CV623-011, doc. 31 at 4 (S.D. Ga. Mar. 8, 2024) (identifying Harold D. Hall as the party preparing pleadings). While resort to "jailhouse lawyers" is not improper, *see, e.g., Garcia v. Obasi*, 2021 WL 1877140, at *2 (M.D. Ga. Apr. 28, 2021), the Supreme Court has expressed concern that prisoners who provide informal legal services "are sometimes a menace to prison discipline and . . . their [products] are often so unskillful as to be a burden on the courts which receive them." *Johnson v. Avery*, 393 U.S. 483, 488 (1969). Several justices noted, additionally, that "the disadvantages to prisoner clients of the jailhouse lawyer are unacceptable." *Id.* at 499 (White, J. dissenting). In appropriate circumstances, this Court has imposed limits on inmates

providing other inmates with legal services. *See Howard v. Kemp*, 2009 WL 1227828, at *6 (S.D. Ga. May 5, 2009) (citing, *inter alia.*, S.D. Ga. L. Civ. R. 83.5(c) ("Any person who is not admitted to the bar of this Court . . ., and who exercises in this Court any of the privileges as a member of its bar, or pretends to be entitled to do so, shall be in contempt of this Court and subjected to appropriate punishment.")). Although Hall's preparation of meritless filings on behalf of other prisoners does not yet merit sanctions, he is advised that submitting to the Court further frivolous or vexatious filings on behalf of his fellow inmates may result in sanctions.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 4th day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA